UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DAVID B. LINDER,

         Plaintiff,

      v.

JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES POSTAL
SERVICE,

        Defendant.

No. CV-05-0062-FVS

ORDER GRANTING SUMMARY
JUDGMENT

**THIS MATTER** came before the Court for a hearing on the parties'
cross motions for summary judgment.  The Plaintiff was represented by
Kenneth L. Isserlis.  The Defendant was represented by Andrew S.
Biviano and Frank A. Wilson.

**BACKGROUND**

The Plaintiff, David B. Linder, was an employee of the United
States Postal Service ("USPS") from 1973 until 2003.  During his
career, the Plaintiff served as both a mail carrier and a supervisor.
In April of 2003, the Plaintiff became the customer service supervisor
at the Annex in Coeur d'Alene, Idaho.  Declaration of David B. Linder,
September 15, 2006, at 2-3.  The Plaintiff found his position in Coeur
d'Alene very stressful and began seeing Dr. Ray Smith, a licensed
mental health counselor, for weekly counseling sessions.  He also
spoke to his primary care physician, Dr. William T. Roth, about

ORDER GRANTING SUMMARY JUDGMENT- 1

emotional problems.  Linder Decl. at 4.   Dr. Roth and Dr. Smith diagnosed the Plaintiff with anxiety, depression, and Post Traumatic Stress Disorder ("PTSD").

The Plaintiff took a Family and Medical Leave Act ("FMLA") absence from June 16 until September 22, 2003.  During his absence, the Plaintiff requested reassignment to a different location.  Pl.'s Ex. 2 Attach. C.  Dr. Roth also wrote to USPS, recommending that The Plaintiff "look for work elsewhere in the Postal Service."  Pl.'s Ex. 2 Attach. F.  USPS denied the Plaintiff's request for a transfer on October 7, 2003.  Def's Ex. 118.

The Plaintiff applied for disability retirement on October 16, 2003.  Def's Ex. 137.  On November 28, the Plaintiff requested a reasonable accommodation, and suggested two possibilities.  First, he suggested that continued medical leave would enable him to overcome his illness.  Second, he suggested that "an office assignment providing support to the stations or any other technical support would be reasonable accommodation."  Def.'s Ex. 131.

In mid-December, the Plaintiff met with USPS's Spokane District Reasonable Accommodation Committee ("DRAC").  Linder Decl. at 9.  The DRAC ultimately determined that the Plaintiff did not have a disability because his "condition has not been identified as permanent nor does his condition significantly affect one or more major life activities."  Pl.'s Ex. 2 Attach. N.  The DRAC denied his request for a reasonable accommodation by letter on January 9, 2004.  Def's Ex. 132.

Since that time, the Plaintiff has seen two other doctors in

ORDER GRANTING SUMMARY JUDGMENT- 2

connection with his mental health.  During 2004, the Plaintiff had

more than 20 individual counseling sessions with Dr. John Estelle.

Linder Decl. at 4.  In September 2005, the United States Department of

Labor's Office of Workers Compensation Programs sent the Plaintiff to

Dr. David Bot.   Dr. Bot diagnosed the Plaintiff with anxiety and

depression, but did not concur in Dr. Roth's PTSD diagnosis.  Pl.'s

Ex. 4 Attach. K.

The Plaintiff filed the present lawsuit on February 25, 2005,

alleging that his mental health condition constitutes a disability for

the purposes of the Rehabilitation Act.  Compl. ¶ 29.  The Plaintiff

claims that USPS violated Section 501 of the Rehabilitation Act by

failing to accommodate his disability, constructively discharging him

on the basis of his disability, and subjecting him to a disability-

based hostile work environment.  Compl. ¶¶ 36, 41, 44.  As proof of

his disability, the Plaintiff relies upon statements made by Dr. Roth

and Dr. Smith in their declarations prepared for this case.  Dr. Roth

declares,

> Mr. Linder's diagnosed mental impairments severely
> restricted his ability (compared to the average person) to
> perform a number of activities including thinking,
> concentrating and interacting with others.  This was
> evidenced by (among other things) Mr. Linder's: a) being
> preoccupied with the stress related to this work; b)
> becoming reclusive because of his depression; c) having
> difficulty completing tasks, including activities of daily
> living [. . .] and e) getting more easily angered.

Pl.'s Ex. 4 at 5.  Similarly, Dr. Smith declares,

> Mr. Linder's diagnosed PTSD severely restricted his ability
> (compared to the average person) to perform a number of
> activities including thinking, concentrating and interacting
> normally with others.  This was evidenced by (among other
> things) Mr. Linder's: a) inability to solve workplace
> problems he was having;  b) intrusive flashbacks; c)

ORDER GRANTING SUMMARY JUDGMENT- 3

problems interacting with his subordinates and supervisors in Coeur d'Alene; d) pressured (or rapid, nonstop) speech; e) difficulty sleeping.

Pl.'s Exhibit 5 at 4.

Dr. Roth and Dr. Smith's notes provide limited support for these conclusions.  In a letter written in 2003, Dr. Roth indicated that the Plaintiff suffered from "increased levels of heart rate and difficulty maintaining activities of daily life and poor concentration."  Pl.'s Ex. 4, Attach. F.  Dr. Smith noted that the Plaintiff was "totally incapacitated by stress" in July of 2003 and concluded that the Plaintiff suffered from "lots of severe symptoms" of PTSD.  Pl.'s Ex. 5 Attach. B at 6, 8.

Both parties have now moved for summary judgment.  The Defendant seeks summary judgment on all counts.  The Plaintiff requests an order granting him summary judgment on five issues of law and fact.  The Court does not reach these issues, however, because it finds that the Plaintiff is not a qualified individual with a disability for the purposes of the Rehabilitation Act.  Summary judgment for the Defendant is therefore appropriate.

**DISCUSSION**

**I.    SUBJECT MATTER JURISDICTION**

The Plaintiff alleges three causes of action under the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*  This Court accordingly has jurisdiction to hear his claims pursuant to 28 U.S.C. § 1331.

**II. SUMMARY JUDGMENT STANDARD**

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is

ORDER GRANTING SUMMARY JUDGMENT- 4

entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265, 273-74 (1986).  "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth."  *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

Initially, the party moving for summary judgment bears the burden of showing that there are no issues of material fact for trial. *Celotex*, 477 U.S. at 317.  Where the moving party does not bear the burden of proof at trial, it may satisfy this burden by pointing out that there is insufficient evidence to support the claims of the nonmoving party.  *Id.* at 325.

If the moving party satisfies its burden, the burden then shifts to the nonmoving party to show that there is an issue of material fact for trial.  Fed. R. Civ. P. 56(e), *Celotex*, 477 U.S. at 324.  There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Conclusory allegations alone will not suffice to create an issue of material fact.  *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). Rather, the non-moving party must present admissible evidence showing there is a genuine issue for trial.  Fed. R Civ. P. 56(e); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995).

**III. PLAINTIFF'S ABILITY TO BRING CLAIMS UNDER THE REHABILITATION ACT**

Section 501 of the Rehabilitation Act prohibits federal employers from discriminating against their employees on the basis of

ORDER GRANTING SUMMARY JUDGMENT- 5

disability.  *Nimi-Montalbo v. White*, 243 F. Supp. 2d 1109, 1121 (D. Haw. 2003).  Where a federal employee alleges disability discrimination against his or her employer, the standards to be applied are those of the Americans With Disabilities Act ("ADA").  29 U.S.C. § 791(g); 29 C.F.R. § 1614.203(a).  The Ninth Circuit has indicated that courts may consult case law interpreting the ADA in interpreting the Rehabilitation Act because, "there is no significant difference in the analysis of rights and obligations created by the two Acts."  *Vinson v. Thomas,* 288 F.3d 1145, 1152 n.7 (9th Cir. 2002).

The Plaintiff bears the burden of proving that he is entitled to the protection of the Rehabilitation Act.  *Wong v. Regents of Univ. of Cal.,* 410 F.3d 1052, 1063 (9th Cir. 2003*); Thornton v. McClatchey Newspapers*, Inc., 261 F.3d 789, 794 (9th Cir. 2002).  In order to recover under any of his theories, the Plaintiff must accordingly prove that he is a qualified individual with a disability.

A person has a disability for the purposes of the Rehabilitation Act when he or she has "a physical or mental impairment that substantially limits one or more of the major life activities."  42 U.S.C. § 12102(2)(A).  In assessing whether a person suffers from a disability, a trial court must make three determinations: first, whether the individual suffers from an impairment; second, whether the impairment limits the individual in a "major life activity;" and third, whether the impairment "substantially limits" the major life activity.  *Wong.* 410 F.3d at 1063.

**A.    Impairment**

The Plaintiff alleges that he suffers from PTSD, depression, and

ORDER GRANTING SUMMARY JUDGMENT- 6

anxiety disorder with adjustment disorder.  The Defendant does not dispute that the Plaintiff suffers from an impairment, although the nature and extent of this impairment is contested.  It is unnecessary to determine the precise nature of the Plaintiff's impairment. The Court is persuaded that the Plaintiff satisfies this first step of the inquiry.

**B.    Major Life Activities**

The Plaintiff alleges that his mental health impairments substantially limit his ability to "think, concentrate, and interact with others."  For the reasons stated below, the Court concludes that the Plaintiff is limited in at least one major life activity.

**1.    Thinking**

Whether the Plaintiff is limited in the activity of thinking remains a disputed question of fact.  While the Ninth Circuit has recognized thinking as a major life activity, *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1061 (9th Cir. 2005), the only support in the record for the proposition that the Plaintiff's thinking is limited comes from the 2006 declarations of Dr. Roth and Dr. Smith. The Plaintiff has admitted he is able to learn and speak, both activities that require thought.  (Ct. Rec. 48 at 7.)  In examining the Plaintiff, Dr. Bot found, "There was no thought disorder.  His associations were logical, linear, and progressive."  These characteristics lead Dr. Bot to conclude that the Plaintiff is "cognitively intact."  Pl.'s Ex. 4 Attach. K at 5.  As the Defendant has argued, these facts refute the Plaintiff's claim that he is substantially limited in his ability to think.

ORDER GRANTING SUMMARY JUDGMENT- 7

**2.    Concentrating**

Whether concentrating is viewed as a major life activity in itself or as a component of another major life activity, the Court is persuaded that the Plaintiff is limited in this area to some extent. Dr. Roth observed that the Plaintiff has difficulty concentrating in 2003.  Dr. Bot noted more specifically that "since [the Plaintiff's] job problems in 2003 he does not focus well.  It is hard for him to multi-task [. . .] He is easily distracted."  Plaintiff's Exhibit 4 Attachment K at 4.  At a minimum, these records create a factual issue regarding the Plaintiff's ability to concentrate.

The Ninth Circuit has not yet determined whether "concentrating" is a major life activity under the Rehabilitation Act.  *Head*, 413 F.3d at 1060 n. 19.  Persuasive authority from the Third and Eight Circuits indicates that concentrating is considered a major life activity.  *See Gagliardo v. Connaught Labs.,* 311 F.3d 565, 569 (3d Cir. 2002); *Battle v. United Parcel Serv., Inc.,* 438 F.3d 856, 861 (8th Cir. 2006). However, the Seventh, Tenth, and Sixth Circuits have refused to recognize concentrating as a major life activity in itself and instead treat it as a component of other major life activities.  *See Emerson v. Northern States Power Co.*, 256 F.3d 506, 511 (7th Cir. 2001)(holding, "we will adopt the district court's approach and treat memory, concentration, and interacting with others as activities that feed into the major life activities of learning and working"); *Pack v. Kmart Corp.,* 166 F.3d 1300, 1305 (10th Cir. 1999)(finding, "concentration is not itself a major life activity [but] may be a significant and necessary component of a major life activity, such as

working, learning, or speaking, but it is not an 'activity' itself");
*Linser v. State of Ohio, Dep't of Mental Health*, 234 F.3d 1268 (6th Cir. 2000)(same).

### 3.  Interacting with Others

Whether the Plaintiff is limited in the activity of interacting with others remains a disputed question of fact.  The Ninth Circuit has recognized that interacting with others is a major life activity. *McAlindin v. County of San Diego*, 192 F.3d 1226, 1234 (9th Cir. 1999); *Head*, 413 F.3d at 1060.  While Dr. Roth and Smith opine that the Plaintiff is impaired in interacting with others, the record reveals that he has a few close friends and describes himself as a "people person."  Moreover, the Plaintiff has argued that he is capable of serving as a supervisor at a location other than Coeur d'Alene.  This position would require interaction with others.  (Ct. Rec. 48 at 6.)

### C.  "Substantial" Impairment in a Major Life Activity

### 1.  "Substantially" defined

Although whether an individual is substantially limited in a major life activity is generally a question for the finder of fact, *Bristol v. Bd. of County Comm'rs of Clear Creek*, 281 F.3d 1148 (10th Cir. 2002), summary judgment is appropriate when the non-moving party has failed to present sufficient evidence to enable a trier of fact to find that the plaintiff's impairment limited him or her substantially.  *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 540-41 (9th Cir. 1997); *Wong*, 410 F.3d 1052.  In order to demonstrate that his impairment "substantially" limits an activity, the Plaintiff must meet a high burden.  The Supreme Court has explained that the term "substantially"

must be "interpreted strictly to create a demanding standard for qualifying as disabled." *Toyota v. Williams*, 534 U.S. 184, 197, 122 S. Ct. 681, 691, 151 L. Ed. 2d 615, 631 (2002).  Accordingly, in order to survive summary judgment, the Plaintiff must "present sufficient evidence to demonstrate that he was substantially limited in the specified major life activities for the purposes of daily living, or as compared to what is important in the daily life of most people." *Wong*, 410 F.3d at 1065.

The standard for substantiality is particularly rigorous when applied to the major life activity of interacting with others.  In order to demonstrate that he is substantially limited in his ability to interact with others, the Plaintiff must show that his "relations with others were characterized on a regular basis by severe problems, for example, consistently high levels of hostility, social withdrawal, or failure to communicate when necessary." *McAlindin*, 192 F.3d at 1234.  Persuasive authority from other circuits indicates that an employee's ability to interact normally at work may negate the employee's bare assertion that he or she is significantly impaired in interacting with others. *See Heisler v. Metro. Council*, 339 F.3d 622, 629 (8th Cir.)(holding than an employee who was "isolating herself and not talking to anybody or calling anybody" was not substantially limited in interacting with others because she "had a couple good friends" and was able to supervise other employees at work); *Doyal v. Oklahoma Heart, Inc.*, 213 F.3d 492, 488-489 (10th Cir. 2000)(holding an employee was not substantially limited in interacting with others because he "attended management meetings, laughed at jokes, and

ORDER GRANTING SUMMARY JUDGMENT- 10

interacted normally with [the deponent]).

If the Plaintiff's past performance contradicts his claims of impairment, the Plaintiff must "come forward with more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial." *Wong*, 410 F.3d at 1066.  In *Wong,* the plaintiff had successfully completed two years of medical school without any accommodation prior to seeking accommodations for a learning disability.  410 F.3d at 1057.  He alleged that his learning disability substantially affected his ability to read, learn, and work.  In view of the "demanding standard" imposed by the ADA's definition of "disability," the Ninth Circuit held that Wong's earlier success in medical school contradicted his claim of substantial limitation in these areas, thereby raising the threshold of evidence he must present to avoid summary judgment.  *Id.* at 1066.

In this case, the Plaintiff's past performance contradicts his claims of impairment.  The Plaintiff successfully worked for USPS as a supervisor for fourteen years prior to his transfer to Coeur d'Alene.  Concentrating, thinking, and interacting with others are all activities necessary to a supervisor.  The Plaintiff requested reassignment to an office position "providing support to the stations or any other technical support would be a reasonable accommodation."  Defendant's Exhibit 131.  This position would also require him to think, concentrate, and interact with others.  Finally, the Plaintiff has always been able to care for himself and his wife.  (Ct. Rec. 48 at 4.)  Accordingly, under *Wong*, the Plaintiff must present more persuasive evidence to survive summary judgment than he would if his behavior were more consistent with his claims.

ORDER GRANTING SUMMARY JUDGMENT- 11

**2.    The Plaintiff's limitations are not substantial**

The Court finds that the Plaintiff has failed to carry his burden of showing that his impairment substantially limits his ability to think or concentrate.  It is well established that the party opposing summary judgment cannot rely on conclusory allegations alone to create an issue of material fact.  *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).  Where the nonmoving party relies upon the opinions of an expert in opposing summary judgment,

> the expert must back up his opinion with specific facts. The factual basis for the expert's opinion must be stated in the expert's affidavit, the underlying factual details need not be disclosed in the affidavit. The underlying facts, however, must exist.

*Cal. Dep't of Toxic Substances Control v. Interstate Non-Ferrous Corp.*, 298 F. Supp. 2d 930, 985 (E.D. Cal. 2003)(internal quotation marks omitted); *Guidroz v. Missouri Pacific*, 254 F.3d 825, 831-32 (9th Cir. 2001).  *See also Thompson*, 121 F.3d at 540 (finding the plaintiff's "conclusory allegations" insufficient to raise a genuine issue of material fact as to whether she was substantially limited in working).

While Dr. Roth and Dr. Smith opine that the Plaintiff is "severely restricted [. . .] as compared to the average person," these conclusory statements are unsupported by specific facts.  Dr. Smith and Dr. Roth's brief references to some of the Plaintiff's symptoms do not establish that the symptoms limit the Plaintiff substantially.  No where in the record is there any specific evidence concerning the extent, duration, or manner in which the Plaintiff's mental health

ORDER GRANTING SUMMARY JUDGMENT- 12

limits his ability to think or concentrate.[1]  In view of the demanding standard for establishing the existence of a disability, the Plaintiff's burden of proof at trial, and the heightened requirement imposed by *Wong*, the doctor's unsupported references to generalized symptoms fail to demonstrate that the Plaintiff was substantially limited in thinking or concentrating.

The Court further finds that the Plaintiff is not substantially limited in his ability to interact with others as a matter of law. Neither the Plaintiff's briefs nor his exhibits explain how the Plaintiff has or had difficulty interacting with others or provide any examples of how his impairment limited him in this regard.  Like the employees in *Heisler* and *Doyle*, the Plaintiff was able to interact normally at work.  He has a support system.  Dr. Roth's statement that the Plaintiff had "difficulty getting along with people," Pl.'s Ex. 4 at 4, does not rise to the level of difficulty exhibited in previous Ninth Circuit cases.  "Mere trouble getting along with co-workers is not sufficient to show a substantial limitation."  *McAlindin*, 192 F.3d at 1235.  Accordingly,

**IT IS HEREBY ORDERED:**

1. The Defendant's Motion for Summary Judgment, **Ct. Rec. 26**, is **GRANTED.**

---

[1]In his response to the Defendant's supplemental brief, for the first time, the Plaintiff alleges that he suffered from intrusive flashbacks "three to five times a day for 15 to 20 minutes each time."  Such symptoms, if supported by the record, would undoubtedly constitute a substantial limitation.  However, none of the documents cited by the Plaintiff in support of this assertion provide evidentiary support for this particular allegation.

ORDER GRANTING SUMMARY JUDGMENT- 13

1    2. The Plaintiff's Motion for Partial Summary Judgment, **Ct. Rec.**

2  **30,** is **DENIED.**

3    3. The Plaintiff's Motion to Strike Affirmative Defenses, **Ct.**

4  **Rec. 35,** is **DENIED AS MOOT.**

5    **IT IS SO ORDERED.**   The District Court Executive is hereby

6  directed to enter this order and furnish copies to counsel.

7    **DATED** this  23rd  day of February, 2007.

8

9                            s/ Fred Van Sickle
                            Fred Van Sickle
10                     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING SUMMARY JUDGMENT- 14